## McPaxton, Ad. vs. Dickson et al.

An executor is not entitled to a credit in the annual settlement of his accounts for pay-ments, without order of court, to legatees or distributees: such payments are at the peril of the executor; and though valid as between him and the legatee or distribu-tee, not so as to others, having paramount rights in the estate.

### *Appeal from Sevier Circuit Court.*

Hon. Shelton Watson, Circuit Judge.

S. H. Hempstead and B. F. Hempstead, for the appellants, cited the 107*th* and 109*th secs., ch.* 4, *Digest.*

Curran & Gallagher, for appellees, cited the 130*th,* 131*st,* 132*d,* 135*th secs., ch.* 4, *Revised Statutes.*

Mr. Justice Scott delivered the opinion of the Court.

The executor, at an annual settlement, claimed credit for seve-ral sums of money, which he had, without an order of court for any distribution of the estate, paid out to some two or three of the heirs, in anticipation of, and as a part of their probable dis-

6BB

tributive shares, respectively, in the ultimate residue of the estate. Other heirs excepted to these items in his account; but the Probate Court overruled their exceptions, and allowed the executor thus to credit himself. Upon bill of exception, and appeal to the Circuit Court, the ruling of the Probate Court on this point, was held erroneous, and the Circuit Court, thereupon restating the account, excluded these items from the credits allowed the executor; and he, in his turn, has appealed to this court.

Although an executor or administrator may pay out legacies or distributive shares, before an order of court for that purpose, it is at his own peril. He has no right to make creditors of the estate, or some of the heirs or distributees, when he has paid out only to others of them, share this responsibility with him against their consent. The several provisions of the statute, relating to the payment of legacies and distributive shares, are not for his protection alone, (*Digest, p.* 134, *secs.* 130, 131, 132, 135); but for that of all persons interested; and especially for the protection of creditors whose rights are paramount to those of heirs or distributees. The assets are in the custody of the law, primarily for the benefit of creditors; and it is presumed, by the law, that they remain in the hands of the executor or administrator, subject to the claims of creditors only; until ordered by the court to be paid out, or distributed to legatees or distributees. Such orders of court, in the progress of the administration, are easily obtained under the provisions of our statute in cases where the rights of creditors are not jeopardised; and are always to be encouraged, when this is not the case: and the voluntary payment of legacies or distributive shares by executors or administrators, without an order of court, are sufficiently encouraged by holding the payment or distribution valid as between him and the legatee or distributee to whom it is made; although not so as to others having paramount rights in the premises.

We think there was no error in the action of the Circuit Court. Judgment affirmed.

WATKINS, C. J., not sitting.