State, use McCreary, v. Roth.

### STATE, USE McCREARY, v. ROTH.

1. ADMINISTRATION: *Rights of creditors and distributees.*
   The claims of creditors of an estate are paramount to those of distributees, and the latter can assert no claims to assets which are needed to pay creditors.

2. SAME: *Same.*
   The probate court is the tribunal to determine who are creditors of an estate and when there is a sufficiency of assets to pay their claims without resort to a particular fund claimed by the distributees.

3. SAME: *Action on administrator's bond.*
   No action can be maintained upon an administrator's bond for a *devastavit,* either by creditors or distributees, until an order of the probate court, directing payment of the amount found due to the plaintiffs upon settlement there, has been violated.

4. RES JUDICATA: *Final judgment on imperfect pleading.*
   A final judgment against the distributees of an estate, solely on account of the omission of material allegations in their complaint against the administrator and his sureties for a *devastavit,* will not bar another action for the same cause if the omitted allegations are supplied.

APPEAL from *Jefferson* Circuit Court.
Hon. JOHN A. WILLIAMS, Circuit Judge.

*J. M. & J. G. Taylor* for Appellant.

The court erred in dismissing plaintiff's complaint. Under no circumstances should the court have done more than dismiss the complaint without prejudice as prematurely brought. *Mansfield's Digest, 5102.* No one questions the insufficiency of the third paragraph of the answer. *34 Ark., 144.*

State, use McCreary, v. Roth.

This case differs fron *Baker v. State, 21 Ark., 462*, and *Tate v. Norton, 94 U. S., 758.* The allegations of the complaint constitute such a *devastavit* as would warrant a suit by the State for the use of the heirs or distributees for the amount so converted. The case should be decided upon the doctrine of *Jones v. State, 14 Ark., 170.*

The allegation of conversion of assets is sufficient to warrant a suit by the heirs. The case being treated as upon a demurrer to complaint, rights of creditors are not considered. This court has decided that this suit could not be prosecuted by the creditors of McCreary without alleging an order on the administrator to pay debts, and his refusal. *Outlaw v. Yell, 5 Ark., 468.*

The heirs of McCreary do not require an order of the probate or any other court to give them a right to sue for their inheritance, it is a right given them by the statute of distribution and descents. No court has ever required an order of court upon one having converted the property of one's ancestor, to produce the property or pay its value before suit could be brought for such conversion.

The court erred in its judgment upon the demurrer. It should not, in case the complaint was demurrable, have gone further than dismiss the suit after plaintiff had been given a chance and had refused to answer the complaint, there being merit in the complaint. *Boyd v. Jones, 44 Ark., 314; Buck v. Eddins, 23 Ark., 307; Mansfield's Digest, 5102, sec. 5.*

*Harrison & Harrison* and *N. T. White* for Appellees.

Upon Vaughan's ceasing to be administrator he or his legal representatives should have accounted to his successor for all assets in his hands, which duty the probate court might have enforced by attachment, *Mansfield's Digest, sec. 42;* and in case of Vaughan's failure to do so, his successor had the right to sue, as he did, on his bond. *Ib., secs. 43, 199.*

It does not appear that the court ever ordered Vaughan or his representative to account for or pay over the amount in his hands. The complaint does not show a cause of action in appellants; no averment was made of an order for the payment of distributive shares, nor that the creditors had been paid; or that there was a sufficiency of assets to pay them; or that no demands had been probated. The claims of creditors are paramount, and unless so ordered by the court the administrator is not authorized to pay distributive shares. *Mansfield's Digest*, *secs. 148, 153; 38 Ark., 261; 2 Id., 382; 11 Id., 10; 21 Ark., 405; 22 Id., 6; 96 U. S., 222; Redf. on Wills, vol. 3, 422; 2 Kent Com., 420; 5 Ark., 433.*

The rule that a demurrer relates back to the previous pleading, and that the court will consider the whole record and give judgment for the party who, on the whole, appears to be entitled to it, prevails as well in pleading under the code as at common law. *Green's Pl. and Pr., sec. 927; Bliss on Code Plead., sec. 417; Newman's Pl., 651.*

COCKRILL C. J. The question presented by the record in this case is as to the sufficiency of the complaint. The action was brought in the name of the state for the use of the children of Spruce W. McCreary, deceased, against John Roth, R. H. Stanford and Henry Nathan, sureties in the bond of J. F. Vaughan as administrator of said McCreary's estate. The bond was in the penal sum of $2000, and was executed on the 19th day of February, 1875.

The breach of the condition of the bond assigned was, that upon the examination and confirmation of his final account and settlement, filed in the probate court on the 24th day of July, 1877, but which was not finally acted upon until the 23d day of April, 1880, Vaughan was found indebted to the estate, on account of assets which had come into his hands, in the sum of $2266.25 ; and that he had converted the said assets to his own

use. The complaint contained no averment that the creditors of the estate had been paid, or that there were no debts; nor did it allege that an order for the payment of distributive shares had ever been made by the probate court.

The defendants interposed an answer to which the plaintiff demurred, but the court conceived that the complaint was insufficient and sustained the demurrer to it and dismissed the action.

The allegations of the complaint do not establish an interest in the matter in controversy in the parties for whose benefit the action was brought. It is not alleged, as the counsel for these parties assumes, that the administration has been closed, nor is there an allegation that the amount in the administrator's hands had been adjudged by the probate court to them. The allegation is simply that upon the coming in of the final account of the public administrator, it was adjudged that he was indebted to the estate in the sum stated. It is immaterial whether this indebtedness arose from a conversion of the assets of the estate or otherwise; it remains a final judgment against the administrator and fixes the extent of the liabilities of the sureties upon his bond if he refuses or neglects to account for the amount. If he has wasted or converted the assets, his liability becomes a chose in action belonging to those entitled to the estate as creditors, legatees or distributees. *State, use Oliver, v. Rottaken, 34 Ark., 144, 150; Baker v. State, 21 Ib., 405.* But the claims of creditors are paramount to those of distributees, and it is only when the assets are not needed in the course of administration that the rights of the latter can be asserted. The probate court where the administration is pending is the tribunal to determine who are creditors of the estate and when there is a sufficiency of assets to satisfy their claims without resort to the particular fund desired by the distributees. *Mansf. Dig., sec. 148 et seq.; McDearmon v. Martin, 38 Ark., 261; Wheat v. Moss, 16 Ib., 254–5; Schouler on Exrs. and Admrs., secs. 207, 508.*

1. Rights of creditors and distributees.

2. SAME.

14——47

3. Action on bond.

It is accordingly the law of this state that there can be no *devastavit* which will sustain an action on an administrator's bond, until an order of the probate court directing payment of the amount found due upon settlement there to the parties entitled to it, has been violated; and this is true whether the party entitled to the fund be a creditor or a distributee. *George v. Elms, 46 Ark., 260; Hall v. Brewer, 40 Ark., 433.*

The order of the probate court in this case, according to the allegations of the complaint, settles nothing except the amount of the administrator's liability.

There is no allegation that it has ever been adjudged that there is a sufficiency of assets to complete the administration without the fund here sued for, but such adjudication is the crucial test by which the right or title of the distributees is to be determined.

4. RES JUDICATA: Final judgment on imperfect pleading.

It is argued that the cause should have been dismissed without prejudice. If the essential allegation which is omitted from the complaint in this case is supplied in a second action, the plaintiff's present failure on demurrer will not be a bar to that action, and the appellants are not, therefore, prejudiced by the judgment any more than if the right to bring the second suit had been expressly reserved. *Gonld v. E. & C. R. R. Co., 91 U. S., 526.*

Affirm.