PERRY *v.* FRIEND.

Opinion delivered March 25, 1893.

*Negotiable note—Accommodation endorsement—Liability.*

> One not connected with the original consideration of a note who endorses his name on the back, under that of the payee, after it has been delivered by the maker, not pursuant to an agreement entered into before the note was executed or to give the maker credit with the payee, but at the latter's request to enable him to discount the note, is merely an accommodation indorser, and not a maker or guarantor, and is discharged by failure to demand payment and give notice of dishonor to him.

Appeal from Mississippi Circuit Court.

JAMES E. RIDDICK, Judge.

Perry sued Friend upon a promisory note, as follows :

" $200.            OSCEOLA, ARKANSAS, July 2, 1887.

" Six months after date we or either of us promise to pay to the order of W. B. Haskins two hundred dollars at Nodena, Arkansas.    Value received.

"Due January 2, 1888.            E. A. CARLETON,
                                 B. S. CARLETON.

" Indorsed on back :
            W. B. HASKINS,
            R. W. FRIEND."

Friend set up the defense that he was simply an indorsee on the note sued upon, and that he was discharged from liability upon the same for want of presentation to and demand of payment of the makers, and for want of notice of dishonor.

As to whether the defendant indorsed the note before or after the payee indorsed it, the evidence is conflicting.   There was evidence that the note was never presented to the makers for payment, nor any

notice given to defendant of its dishonor. The evidence upon this point is sufficiently stated in the opinion.

The court charged the jury as follows:

"If the jury believe from the evidence that the defendant indorsed the note in question after the execution, but before its indorsement by the payee, Haskins, and that this was done with the understanding that Haskins intended to borrow money on the credit of the indorsement, then by such indorsement he became the guarantor for the payment of the note, and the jury should find the amount of the note for the plaintiff, if not paid. On the other hand, if the jury should find from the evidence that the defendant indorsed the note after the payee, Haskins, indorsed the same, he would in law be only an indorser, and to bind him the plaintiff must show that the note was duly presented for payment, and that defendant was duly notified of the non-payment."

There was a verdict for defendant, and judgment accordingly. Plaintiff has appealed, and insists that the verdict was contrary to the evidence, and that the court erred in its charge to the jury.

*O. P. Lyles* for appellant.

Friend was an original maker. He knew the paper would not be paid; that he alone was solvent, and that appellant so looked upon it; he knew that credit was given to him alone, and he was not injured on account of failure of demand and to give notice. He was not entitled to notice. 1 Wait, Ac. & Def. 627; 40 Ark. 545; 34 *id.* 524; 7 Wend. 165; 1 S. & R. 334; 9 Gill. & J. 31; 24 Ark. 511; 17 Wend. 94. The proof shows that he had no reason to expect that the note would be honored, and that he suffered no injury. 17 Wend. 94; 1 Hall, 78; 1 E. D. Smith, 400; 1 Tenn. 405; 7 Mass. 452; 2 How. (U. S.), 457.

*S. S. Semmes* for appellee.

In order to hold appellee liable as an original maker, it was necessary to show (1) that he endorsed the note prior to the endorsement by the payee, Haskins, and (2) that he endorsed it at the time it was executed, and before it was issued and for the same consideration. 34 Ark. 524; 40 *id.* 545; 4 Lawson's Rights, Rem. & Pr. sec. 1575. The proof is conclusive that the endorsement was made after the execution of the note, and after it had been delivered to the payee. If he endorsed it after the payee has endorsed it, he was simply an endorser. 40 Ark. 545. It was necessary to make demand and give notice. 7 Ark. 459; 27 *id.* 34; 2 A. & E. Enc. Law, 400.

COCKRILL, C. J. The note upon which the appellant sought to hold the appellee liable was executed by Carleton as maker to Haskins as payee. Upon the back of the note the appellee's name was endorsed under that of Haskins, the payee. In the absence of legal evidence showing a different contract, the appellee's liability was that of endorser, and as there was no proof that demand of payment was made and notice of dishonor given to either endorser, it must be held that the appellee was released, unless the evidence shows that he occupied the relation of maker or of guarantor for the maker of the note. In order to establish one of those relations, the appellant introduced evidence tending to prove that when he discounted the note for the payee only the appellee's name was endorsed upon it, and that the payee subsequently endorsed his name above that of the appellee. But that was denied by the appellee, who testified that the note showed the true order in which the endorsements were made, and the jury have resolved the conflict in the appellee's favor.

It is certain, moreover, that the appellee endorsed the note after it had been delivered to the payee by the

maker as a completed obligation ; there is no evidence tending to show that the endorsement was made in pursuance of an agreement to endorse entered into before the note was executed, or that the appellee was in anywise connected with the consideration upon which the note was based. He was not therefore a maker. As he did not endorse for the maker to give him credit with the payee, he was not a guarantor for the maker.

The facts are that he endorsed, at the request of the payee, to give him credit and enable him to discount the note. As to the payee, he was, therefore, merely an accommodation endorser. His liability to a subsequent holder was no more than that of a second endorser. As the jury have found that his name appeared on the back of the note after that of the payee when it was presented to the appellant for discount, the latter was apprised that his liability was limited, and he impliedly assumed the obligation to make demand and give notice of dishonor. He did neither, and cannot, therefore, look to the appellee for payment.

The following authorities sustain these views : *Heise* v. *Bumpass*, 40 Ark. 545; *Good* v. *Martin*, 95 U. S. 90; 1 Daniel's Neg. Inst. secs. 713–14 and note ; Bigelow's Bills and Notes, p. 44, sec. 1.

The judgment is right, and is affirmed.