FERGUSON *v.* CARR.

Opinion delivered January 20, 1908.

1. ADMINISTRATION—SUIT ON ADMINISTRATOR'S BOND—PARTIES.—The provision of Rev. Stat. ch. 4, § 171, which authorized suit on the bond of an administrator at the instance of a legatee, distributee, creditor or other person interested was not repealed by the act of March 13, 1899, allowing suit to be brought by an administrator in succession where the estate has not been fully administered, and the former administrator has died, resigned or been removed. (Page 249.)

2. SAME—ORDER OF DISTRIBUTION.—It is only where the probate court has ascertained the amount in the hands of an administrator and

ordered payment to a distributee that he can sue for the amount ordered to be paid. (Page 249.)

3. SAME—LIABILITY ON ADMINISTRATOR'S BOND.—The failure of an administrator to comply with an order of distribution is such a breach of his bond as justifies an action thereon by a distributee. (Page 250.)

4. SAME—SUFFICIENCY OF ORDER OF DISTRIBUTION.—An order of the probate court ascertaining the amount of funds in the hands of the administrator and directing him to pay the same into court for the benefit of the heirs, without naming them, is not an order of distribution sufficient to authorize the heirs to sue on the administrator's bond to recover the funds for their own use. (Page 250.)

5. PLEADING—AMENDMENT—NEW CAUSE OF ACTION.—It was error to permit a complaint which failed to set up a cause of action to be amended so as to set forth the accrual of a cause of action after commencement of the suit. (Page 250.)

6. SAME—WAIVER OF OBJECTION.—An objection to the bringing in by amendment of a new cause of action is waived by a defendant where he files a general demurrer thereto. (Page 251.)

Appeal from Hempstead Circuit Court; *Jacob M. Carter,* Judge; affirmed.

*McRae & Tompkins,* for appellants.

1. The court erred in permitting the complaint to be amended so as to state a cause of action accruing after the commencement of the suit. 1 Cyc. 744; 14 Ark. 427; 24 Ala. 130; 60 Am. Dec. 453; 1 Am. Cent. Dig. col. 1493, § 735.

2. The heirs cannot sue. The act of March 13, 1899 (Acts 1899, p. 49), Kirby's Digest, § § 46, 53, was passed pursuant to the court's suggestion in *Brice* v. *Taylor,* 51 Ark. 75, and provides an expeditious and simple method of procedure, and operates as a repeal of section 215, Kirby's Digest.

*W. C. Rodgers,* for appellee.

1. The order of the probate court directing the administrator to pay the plaintiffs the amount found due them as heirs at law of John Carr was a judgment of a superior court of record having jurisdiction of the subject-matter, and is conclusive, not subject to collateral attack, and no demand upon the sureties was necessary. 48 Ark. 263; 15 Ark. 175; 46 Ark. 260; 14 Ark. 170; 49 Ark. 311; 44 Ark. 267; 11 Ark. 519; 31 Ark. 74; 54 Ark. 480.

2. The demurrer admits the allegations of the complaint, but cannot bring into question the want of capacity in the heirs to sue on account of infancy, since it is nowhere alleged that they are infants, and it will not be presumed. Rodgers on Dom. Rel., § 681; 31 Ark. 58; 75 Ind. 401. If the allegations of the complaint are true, appellees, being entitled to their money, have the right to go into the courts to enforce its payment. This case does not come within the terms of the Acts 1899, p. 49, and that act is no repeal of section 215, Kirby's Digest.

3. No answer having been filed, it was proper to file the amendment. Moreover the amendment was but a more definite statement of the cause of action. The object of the Code provisions with reference to amendments is the trial of cases upon the merits. They are broad and liberal and so to be construed. Kirby's Digest, § 6143; 42 Ark. 57; 64 Ark. 253; 42 Ark. 57.

McCULLOCH, J. This is an action instituted in the circuit court of Hempstead County by the appellees, Martin Carr and Catherine McMahon, two of the heirs at law of John Carr, deceased, against the appellants, James R. Ferguson as public administrator of the estate of said decedent and the sureties on his official bond as sheriff (no bond having been given as administrator) to recover their distributive shares of the funds belonging to said estate left in the hands of said administrator after payment of the debts of the estate. The complaint, after setting forth appropriate allegations concerning the death of said John Carr and the heirship of appellees, that appellant Ferguson was sheriff of Hempstead County with his co-defendants as sureties on his official bond as such sheriff, and that, by virtue of his office as public administrator, he became administrator of the estate of said decedent and entered upon the discharge of his duties as such administrator, contained the following further allegation, viz: "That on the 15th day of July, 1903, the said probate court of Hempstead County, Arkansas, ascertained judicially, having at the time jurisdiction of the subject-matter and the person of the said James R. Ferguson as public administrator of the estate of John Carr, deceased, upon a settlement with said James R. Ferguson, public administrator, that the said James R. Ferguson, as such public administrator, was indebted

to the estate of said John Carr, deceased, in the sum of $1,217.82 after all debts of said estate were paid, and directed him to pay said sum into the probate court for the heirs aforesaid of said John Carr. That said James R. Ferguson has never paid over to the estate of said Martin Carr, or to his heirs, the sum of $1,217.82, or any part thereof, neither has any other person for him paid said amount, in whole or in part."

Said order of the probate court is exhibited with the complaint. The complaint also alleges that the two appellants are entitled each to one-sixth interest in the estate of said decedent.

The court sustained a demurrer to this complaint, and appellees then filed an amendment alleging that the probate court had, on January 21, 1907, which was subsequent to the commencement of this action, made and entered an order ascertaining that said administrator had in his hands the sum of $1,-134.47 of funds belonging to said estate after payment of all debts and directing the payment to each of the appellants of the sum of $189.07 as distributees. Appellants demurred to the amended complaint, and the court overruled the demurrer, and rendered final judgment in favor of appellees for the amount so directed to be paid over to them; the appellants having declined to plead further.

It is insisted by appellants, in the first place, that the statutes of this State do not authorize a suit to be brought by the distributees of an estate to recover from the administrator and his sureties the amount of distributive shares ordered by the probate court to be paid over to them. We cannot sustain that contention. The statute (Kirby's Digest, § 215) expressly authorizes suit on the bond of an administrator at the instance of any legatee, distributee, creditor or other person interested. The statute in question, which was a section of the Revised Statutes, was amended by the act of March 13, 1899, so as to allow suit to be brought by an administrator in succession where the estate has not been fully administered and the former administrator shall have died, resigned or been removed; but this did not operate as a repeal of the provision of the former statute authorizing suit to be brought by a distributee, creditor or other person interested. It is only, how-

ever, where the probate court has ascertained the amount in the hands of an administrator and ordered payment to a distributee that he can sue for the amount ordered to be paid over. *George v. Elms,* 46 Ark. 260; *State* v. *Roth,* 47 Ark. 222; *Euper* v. *State, ante,* p. 223.

The probate court alone has jurisdiction to ascertain the amount in the hands of an administrator and to order the distribution of funds (*State* v. *Roth, supra*); and the failure of an administrator to comply with an order of distribution is such a breach of the terms of his bond as will warrant a suit against him and his sureties by a distributee for recovery of the distributive share so ordered paid.

The original complaint did not allege that an order of distribution to the heirs had been made by the probate court, and the circuit court properly sustained a demurrer to the complaint. It set forth an order of the probate court ascertaining the amount of funds in the hands of the administrator and directing him to pay the same into court for the benefit of the heirs. This, however, was not an order of distribution, nor was it tantamount thereto. It left the funds within the control of the probate court, and did not ascertain and adjudge who the legal distributees were. That order was not, therefore, sufficient to clothe the heirs with authority to maintain a suit on the bond to recover the fund for their own use.

The court allowed appellees to amend their complaint by setting forth an order of distribution made by the probate court after the commencement of this action. This was wrong. The basis of appellee's suit is a breach of the bond of the administrator in refusing to pay over the funds in accordance with the order of the probate court; and the amendment sets forth a breach which occurred since the commencement of this action. The Code of Practice of this State is very liberal in permitting amendments to pleadings, but it does not allow one who sues without an existing cause of action to fortify his position by introducing into the pleadings a cause of action which accrued after the commencement of his suit. The injustice of authorizing that to be done is obvious. An action prematurely commenced is not aided by the maturing of the right of action dur-

ing the pendency of the action. *Heise* v. *Bumpass,* 40 Ark. 545. The court therefore erred in permitting the amendment to be made setting forth the accrual of a right of action after the commencement of this suit.

Reversed and remanded.

HILL, C. J., and HART, J., dissent.

## ON REHEARING.

### Opinion delivered February 17, 1908.

McCULLOCH, J. The objection that an action has been brought prematurely is waived by failure to object at the proper time. *Johnson* v. *Meyer,* 54 Ark. 442; *Hickey* v. *Thompson,* 52 Ark. 234. It has also been held that the bringing in of a new cause of action which accrued after the commencement of suit is waived by filing of an answer which does not raise that question as a defense. *Choctaw, O. & G. Rd. Co.* v. *Hickey,* 81 Ark. 579; *Thompson* v. *Brazile,* 65 Ark. 495; *Wood* v. *Wood,* 59 Ark. 446. In *Wood* v. *Wood, supra,* the court said: "The filing of the amendment setting up an entirely separate and distinct cause of divorce, and the answer to it of appellee, were equivalent to, and not distinguishable from, the beginning of a new suit. In answering the appellee entered his appearance, and waived summons. The same result was reached as would have been accomplished, had a new and original complaint been filed. In that case the appellee could have entered his appearance, as he did, and waived summons, and the same end would have been obtained as was reached by the filing of the amendment. The legal effect of the two proceedings is the same."

The remaining question, therefore, is whether appellants properly raised this question by demurrer. The demurrer was upon two grounds—one that the complaint did not state facts sufficient to constitute a cause of action, and the other that appellees did not have the legal capacity to sue. Neither of these grounds of demurrer questioned the right of appellees to introduce a cause of action not in existence at the time of the commencement of the action, and constituted no objection to the amendment on that ground.

The demurrer on the general ground that the complaint did not state facts sufficient to constitute a cause of action only raised the question of the sufficiency of the complaint as it then stood, and did not raise an objection to the bringing in of the new cause of action. The filing of the demurrer to the amended complaint was in effect an entry of appearance as to the new cause of action. *Miller* v. *State*, 35 Ark. 276. A general demurrer to a complaint is a plea to the merits, and waives any other objection not otherwise taken advantage of, except as to the jurisdiction of the court over the subject-matter of the action. *Crawford* v. *Foster*, 84 Fed. 939; *Lowry* v. *Tile Mantel & Grate Asso.*, 98 Fed. 817; *Southern Ry. Co.* v. *Cook*, 106 Ga. 450; *Long* v. *Newhouse*, 57 O. St. 348; *State* v. *Smith*, 57 Neb. 41.

It follows that, as appellants entered their appearance to the new cause of action and failed to object thereto on the ground that it arose after the commencement of the action, they waived the point, and the court properly rendered judgment against them upon their failure to answer.

Rehearing is granted, and the judgment is affirmed.