## JONES *v.* DYER.

### Opinion delivered December 6, 1909.

1. ACTION—PREMATURENESS—ABATEMENT.—Where an action was brought prematurely, it should be abated, even though the right of action matured before the trial. (Page 463.)

2. APPEAL—WHEN REVERSAL ORDERED.—Where an action was brought by appellant prematurely, from which appellee did not appeal, but appellant recovered a less sum than he was entitled to receive, the cause will be affirmed unless appellant elects to take a reversal and a judgment abating the action without prejudice. (Page 464.)

Appeal from Monroe Circuit Court; *Eugene Lankford,* Judge; affirmed.

*Manning & Emerson,* for appellant.

The account rendered became an *account stated,* and cannot be impeached except for fraud or mistake. 107 U. S. 325; 41 Ark. 502; 53 Ark. 155; 68 Ark. 534. Counterclaims as a defense cannot be interposed upon a separate cause of action from the contract sued on. 27 Ark. 489; 40 Ark. 75; 54 Ark. 190; Kirby's Dig., § 6099. Conflicting instructions should not be given. 74 Ark. 437; 57 Ark. 203; 72 Ark. 31.

*Thomas & Lee,* for appellee.

The suit having been prematurely brought, the plaintiff could not recover. 32 Ark. 782. An account becomes an account stated only when the parties agree that it correctly states the account between them. 55 Ark. 382.

McCULLOCH, C. J. Appellant, Jones, was, in the years 1907 and 1908, a merchant in Clarendon, Monroe County, Arkansas, and appellee, Mrs. Dyer, was engaged in farming during those years in that county. She had a family of four sons, and also had a number of tenants on her farm, and she, together with her tenants, traded with appellant at his store, the purchases being on credit payable during the crop-gathering season in the fall of the year. The account during the year 1907 (which was paid in full, and is not involved in this controversy) was not so extensive as during the succeeding year. Early in the year 1908 Mrs. Dyer arranged to trade with appellant that year, and in the beginning purchased four mules and a carload of corn, the price for these aggregating $884.50. Additional supplies furnished to her and her tenants up to the time this action was commenced in April, 1908, ran the total account up to $1,366.36.

It was agreed between them that the supplies furnished to tenants, up to certain stipulated amounts, should be charged to Mrs. Dyer, but kept on separate accounts for convenience. The supplies were to be furnished, either on written orders given by Mrs. Dyer or verbal orders of her son, Willie, who was authorized to make purchases for tenants. The principal point of controversy between the parties is as to whether or not Mrs. Dyer agreed to give security for said account. Appellant claims that at the beginning of the account, before he sold the mules, and corn, he exacted of Mrs. Dyer a chattel mortgage on the mules, wagons and crops to secure the year's account, and that she agreed to give it, but postponed the execution of it from time to time on various pretexts, and failed to do so at all, and finally refused after the account had run up to the amount named above. Mrs. Dyer denied that she ever agreed to give a mortgage or other security for the payment of this account.

This disagreement caused a breach between the parties, and in April, 1908, Mrs. Dyer moved her business to another mer-

chant in Clarendon; and appellant commenced this action on
April 13, 1908, to recover judgment for the amount of the ac-
count, asserting the right to treat the account as due and payable
by reason of his debtor's violation of her alleged agreement to
execute the chattel mortgage. Appellant alleged in his com-
plaint that the mules, harness and corn sold to appellee were still
in her possession, and at the commencement of the action he
caused to be issued in accordance with the provisions of the
statute in such cases (Kirby's Dig., § § 4966-4967) an order
directing the sheriff or other officer to take the property de-
scribed in the complaint and hold same subject to the further
orders of the court. The record does not show what was done
under this order, further than an allegation in the answer in
which appellee claims that appellant "refused to further furnish
supplies to her and her tenants, had an officer to take charge
of the mules and corn sold to her by appellant, thereby demoral-
izing her tenants, putting her to great expense and trouble,
and damaging her in the sum of one thousand dollars," for
which she prayed judgment.

Appellee also in her answer denied that she agreed to exe-
cute a mortgage to appellant, and she pleaded the immaturity
of the cause of action set forth in the complaint. She also
alleged in her answer that she had given specific directions to
appellant, limiting the amount of supplies to be furnished each
month to her tenants, and that appellant failed to observe these
directions, and furnished supplies in excess of the agreed
amounts. Therefore she denied liability for the excess. She
also pleaded that appellant violated his contract by refusing to
continue to furnish supplies without security, and that she thereby
suffered damages by reason of some of her tenants abandoning
their crops.

The case was not tried until December 3, 1908, and in the
meantime appellee paid $800 on the account, thus reducing the
amount of appellant's claim to $566.36. On that day the case
was tried before a jury, and the following verdict was rendered:
"We, the jury, find for the plaintiff in the sum of $366.36, due
January 1, 1909.". The court rendered judgment in appellant's
favor for that sum, and ordered execution to issue therefor,

but rendered judgment against him for all costs of the action. He appealed from the judgment.

Appellant asked the court to give the following, among other instructions, viz:

"2. You are instructed that, although you may find from the evidence in the case that plaintiff's debt was not due at the time of filing this suit, yet, if you find that the same is now due, your verdict should be for plaintiff in such sum as the proof shows defendant is indebted to plaintiff."

"3. You are instructed that if you find from the evidence that plaintiff furnished defendant mules, harness and corn, and certain supplies for self and tenants, and that defendant was to execute a note and mortgage to plaintiff for same, and was to purchase supplies for self and tenants during the season of 1908, that plaintiff was ready, willing and able to furnish said supplies, and that defendant refused to execute said note and mortgage and to purchase said supplies, then defendant's debt to plaintiff for said mules, harness, corn and supplies became immediately payable, and your verdict should be for plaintiff for the amount of said mules, harness, corn and supplies sold defendant."

The court gave the third instruction as asked, but modified the second by adding the words, "and state in your verdict when the debt became due." This instruction as asked was more favorable to appellant than he was entitled to, for appellee raised in the pleading her objection that the action was prematurely brought; and, if the evidence sustained the plea, the action should have been abated, even though the right of action had matured before the trial. *Hicks* v. *Branton,* 21 Ark. 186; *Heise* v. *Bumpass,* 40 Ark. 545; *Moore* v. *Horsley,* 42 Ark. 163; *Ferguson* v. *Carr,* 85 Ark. 246. The words thus added to the already incorrect instruction tended somewhat to obscure the issue; but we fail to discover how appellant was prejudiced thereby, for the jury must have found that appellee did not agree to execute a mortgage, and that the right of action was immature when the action was commenced. This issue was correctly submitted to the jury on the third instruction requested by appellant, and the jury found against him.

The first two instructions given on request of appellee are

objected to as being in conflict with appellant's third instruction, but we think that they can be harmonized, when read together, and are not in conflict.

The form of the verdict made it a special verdict, and the court, instead of giving judgment thereon in favor of appellant for the amount of the debt without cost, should have rendered judgment abating the action without prejudice to appellant's right to institute a new action after the maturity of the debt. Appellee did not, however, complain of this, and did not appeal from the judgment. She does not complain here, but on the contrary asks that the judgment be affirmed. Appellant cannot, of course, complain of that feature of the judgment, for it is in his favor. The verdict fixing the sum of the indebtedness is, however, clearly erroneous, and the evidence does not sustain it. There was no evidence at all justifying a deduction of $200 from the amount of appellant's account. According to the undisputed testimony, appellee's son Willie was authorized by her to purchase supplies for the tenants, and all the supplies were furnished to the tenants upon his express approval or upon his mother's orders. There is some conflict in the testimony as to whether the amount of supplies in the sum of $64.85, furnished to one of the tenants, Breeding, should have been charged to appellee; but as to the balance of appellant's account there was no conflict in the testimony. Nor was there any evidence to justify an award of damages to appellee. Two of the tenants abandoned their crops, but this was after appellee had quit trading with appellant and arranged with another merchant to furnish supplies to her and her tenants. The abandonment of crops by the tenants was not caused by appellant's failure to furnish supplies, and is not shown to have any proximate relation thereto. There is no proof that the seizure of the mules and corn caused any damage, and this was erroneously submitted to the jury.

Appellant is entitled either to an affirmance or to a judgment abating the cause without prejudice to his right to bring another action. Under the verdict against him on the issue as to the maturity of his right of action, he is not entitled to a new trial. Therefore, the judgment will be affirmed unless appellant elects within 15 days to take a reversal and a judgment here abating the action without prejudice.