RODGERS *v.* WISE.

Opinion delivered January 27, 1913.

1.  SALE OF CHATTELS—INDIVISIBLE CONTRACT—MUTUAL OBLIGATIONS—BREACH.—*W.* agreed to deliver eight volumes of books to *R.* at once, and the balance of the set, five in number, as published. *R.* agreed to pay $59.50 for the same at the rate of $3 each month, with the provision that after the lapse of three or more successive payments *W.* might call for full payment. *R.* defaulted after the fourth payment, and *W.* refused to deliver to *R.* the last two volumes, although they were published, and sued *R.* for the balance due. *Held*, both parties were in default. The contract was indivisible, one party agreeing to deliver as published, and the other to pay $3 per month, and *W.* could not maintain an action against *R.* for the balance of the purchase price, while he was himself in default in failing to deliver two volumes of the published work to *R.*, according to his agreement. (Page 314.)

2.  ACTION—PREMATURENESS—ABATEMENT.—Where an action has been brought prematurely, it should be abated, even though the right of action matures before the trial. (Page 315.)

Appeal from Howard Circuit Court; *Jeff T. Cowling,* Judge; reversed.

*W. C. Rodgers,* for appellant.

This court has never held that where one party violates a contract the other can also violate it and then sue and enjoy the benefits of the contract.

In this case, if the facts at the time the suit was brought were not such as to entitle the appellee to prevail, he could not maintain the suit, and the court erred in refusing to instruct the jury to that effect. The suit was prematurely brought. 22 Ark. 572, 580; 39 Ark. 442, 447; 40 Ark. 545, 548; 85 Ark. 246. Appellant's offer to return the books she had received and waive the payments previously made, was not necessary, since ap-

pellee testifies that he would not have received them back under any circumstances, and the law does not require a needless tender. 68 Ark. 505, 521. "In arriving at the intention of the parties all parts of the contract must be considered and the terms and provisions of each part must be read and interpreted in the light of all other parts." 104 Ark. 475; 99 Ark. 112, 115.

Here the agreement is a single and indivisible contract. Appellee will not be permitted to recover for the whole purchase price without full performance on its part. 43 Ark. 275, 283; 52 Ark. 257, 259; 63 Ark. 187, 202; 65 Ark. 604, 609; 78 Ark. 111, 117; 85 Ark. 1, 4; 26 N. Y. 217; 89 N. Y. 545; 17 N. Y. 173; 30 Ark. 186.

*O. A. Featherston,* for appellee.

Appellee had done all in performance of the contract that was necessary to give him a right of action. In view of appellant's express repudiation of the contract by refusing to pay the account when notified that the last two volumes were ready to be delivered, it was not necessary actually to tender them. 96 Ark. 156-163.

Authorities cited by appellant in support of the contention that the contract is indivisible should not aid one who is first in default, nor be permitted to militate against the one who performed or tendered performance so far as the conduct of the defaulting party would permit.

Appellee should be permitted to recover at least in *quantum valabant.* 53 Ark. 886; 41 S. W. 763.

SMITH, J. This action was begun in justice court on May 13, 1912, and is founded upon the following contract:

April 2, 1910.

Wm. H. Wise & Co., Chicago, Ill.

I hereby order, and agree to accept, one complete set of the art edition of the "Real America in Romance" in thirteen volumes, in full morocco binding, to be shipped prepaid, the first eight volumes on or about, at once, the last five as published, for which I agree to pay you, or your order, the sum of $59.50 as follows: Collect first

payment $3, each month thereafter, beginning in May the sum of $3, until the full amount has been paid according to this agreement, and if three or more successive payments elapse, the publishers may, at their discretion, call for full payment. The title to said publication shall vest in Wm. H. Wise & Co. until it is fully paid. This contract is unconditional, except as noted herein, it is not subject to cancellation by me; and is not modified by any verbal or other agreement with the salesman not expressed herein." Signed by appellant.

There appears to be no real controversy about the facts, which are as follows: Eight volumes were ready for delivery, at the date of the contract, and were delivered, and the next three were shipped and delivered as published, but the last two were not shipped, when published, and delivery refused and not made until after the institution of this suit, and until the cause had reached the circuit court on appeal, and the trial was in progress there. This failure to deliver is sought to be excused upon the ground that appellant became in arrears in her payments, and finally declined to make them at all. A cash payment of three dollars was made, and three of the installments of three dollars each were paid, and the suit was for $47.50, the balance due. Appellee admits that shipment of the last two volumes was not made, as published, but assigns as an excuse therefor the fact that the credit department advised the shipping department of appellant's default; and appellant admits she was in default of payments, before appellee ceased shipping books. In other words, both parties were in default, but appellant committed the first breach of the contract, and this is a suit for the full purchase price of all the books, although two of them had been published, but not shipped, as provided by the contract.

This is not a divisible contract, and there is no provision that each book shall be sold at a certain price, to be paid for on delivery, but it is an indivisible contract and involves the sale of an entire set of books for a total consideration of fifty-nine dollars and fifty cents, and no

part of it is apportionable to any particular book. The obligations of the contract are mutual, to the extent that one party agreed to deliver books as published, and the other to pay three dollars each month, but both parties have breached the contract.

Although appellant was in default, in making payments, she did not decline to accept the books; upon the contrary, before the institution of the suit, a letter was written in which appellant refused to make payments, because of the nondelivery of the books, and offered to waive the payments made and to return the books that had been received in perfect condition. Appellee had the right of course to refuse to accept a return of the books, but upon receipt of this letter it should have done one of two things.

First, to have tendered performance of the entire contract by delivery of the remaining volumes, or, second, to have treated the contract as breached by appellant, and to have sued for the damages resulting from this breach. Under the first alternative, it would have had the right to sue for the full amount of the unpaid purchase money. Under the second it could have kept the undelivered volumes, as it did do, and have sued for damages for the breach.

Several cases, in our own reports, discuss and announce the law in regard to sales, which governs here.

In the case of *Laser* v. *Forbes,* 105 Ark. 166, 150 S. W. 691, it was said that where the promises made by one party to a contract were the consideration for the promises made by the other, the failure by the one to fulfill his promises justified a rescission by the other.

In *Harris Lumber Co.* v. *Wheeler,* 88 Ark. 496, it was decided that where H. contracted to sell to W. eleven cars of lumber and to ship same as fast as lumber accumulated upon vendor's yard, and that each car should be billed separately, and the purchase price for the lumber contained therein should be due sixty days after delivery, but W. retained one hundred dollars, which was past due, to force H. to ship the remainder. Held, that

if H. had not performed his contract in shipping the lum-
ber, as promptly as the contract required, and refused
to ship any more lumber under it W. could have aban-
doned same and sued for damages for the breach, but
W. could not stand on the contract and insist on further
shipments of lumber, where he was in default in making
payments, that were past due under it, at least without
tendering those payments. And it was there further
said, ''A party, who is himself in default, without any
offer to repair such default, can not insist on perform-
ance by the other party, as a condition precedent, to his
own performance,'' and the leading cases on the subject
are there cited.

In *Berman* v. *Shelby,* 93 Ark. 478, the facts were,
that a landlord covenanted he would put a water heater
in a bath room, but he failed to do so, yet sought to com-
pel the tenant, who had delivered possession because of
this failure, to pay rents, the court said: ''The obliga-
tions of the contract were mutual and if the landlord
failed to comply with it, he could not hold the tenant to
compliance. The failure of one party to a contract to
comply with its terms releases the other from compliance
with it.''

In *Mo. Pacific Ry. Co.* v. *Yarnell,* 65 Ark. 320, it was
said that where the obligations of the contract were mu-
tual, a party who has himself failed to comply with its
terms can not require the other party to do so.

Here appellant's breach absolved appellee from the
duty to deliver the remaining books and conferred the
right to sue for damages.

''It was ruled that a positive and absolute refusal to
carry out the contract, prior to the date of actual default,
amounted to a breach of the contract, and that after the
renunciation of the agreement by the one party, the other
party should be at liberty to consider himself absolved
from any further performance of it, retaining his right to
sue for any damage he has suffered from the breach of
it.'' *Kirshman* v. *Tuffli Bros.,* 92 Ark. 116.

It follows, therefore, from what has been said that

appellee, while itself in default, sought to coerce compliance on the part of appellant. This it could not do.

It is true, as stated, that since the institution of the suit a tender of the undelivered volumes has been made, and this tender, if continued, whether accepted or not, will support an action for the entire balance of purchase money.

But this suit must abate, for an action which has been prematurely brought should be abated,. even though the right of action matures before the trial. *Jones* v. *Dyer,* 92 Ark. 460; *Hicks* v. *Branton,* 21 Ark. 186; *Huse* v. *Bumpass,* 40 Ark. 545; *Moore* v. *Horseley,* 42 Ark. 163; *Ferguson* v. *Carr,* 85 Ark. 246.

The cause is therefore reversed and remanded.