## LAWS v. WHEELER.

Opinion delivered June 21, 1926.

1. EXECUTORS AND ADMINISTRATORS—JURISDICTION OF PROBATE COURTS.—The probate court has exclusive jurisdiction in administration proceedings, and an administrator who pays legacies or distributive shares before an order of the probate court for that purpose does so at his peril.

2. EXECUTORS AND ADMINISTRATORS—RIGHT OF ACTION OF DISTRIBUTEE.—It is only where the probate court has ascertained the amount in the hands of an administrator and ordered payment to a distributee that he can sue for the amount ordered to be paid.

3. EXECUTORS AND ADMINISTRATORS—JURISDICTION OF PROBATE COURTS.—The probate court of the county wherein an administrator was duly appointed has exclusive jurisdiction to administer the estate of a decedent and complete authority to settle his accounts and order a distribution of the estate, though the administrator has left the county without winding up the administration.

Appeal from Jefferson Circuit Court; *T. G. Parham*, Judge; affirmed.

STATEMENT BY THE COURT.

The same question or issue of law is presented for our decision in each of these cases, and that is, whether a claim for a distributive share in an estate may be allowed before an order of distribution is made. In case 9224, Steven Laws, Jr., filed his claim with the administrator of the estate of Daniel Nelson, deceased, for allowance. In case 9378, Genie West filed her claim with the administrator of the estate of Daniel Nelson, deceased, for allowance. The record shows that the claim in each case was disallowed in the probate court, and each claimant duly prosecuted an appeal to the circuit court. There were separate trials and judgments in the circuit court, but the facts are the same in each case.

It appears that Steven Laws Sr. died intestate in Conway County, Arkansas, and that Daniel Nelson was duly appointed and qualified as administrator of his estate. It does not appear that Daniel Nelson ever filed an

account current as administrator of said estate, or that
any order of distribution was ever made in the probate
court of Conway County. Subsequently Daniel Nelson
moved to Jefferson County, Arkansas, and no adminis-
trator in succession was appointed by the probate court
of Conway County, nor was there any settlement made
by Daniel Nelson in that court as administrator of the
estate of Steven Laws, Sr., deceased.

In 1923 Daniel Nelson died intestate in Jefferson
County, Arkansas. An administrator of his estate was
duly appointed by the probate court of Jefferson County.
Steven Laws, Jr., and Genie West duly filed their claims
with the administrator of the estate of Daniel Nelson,
deceased, and in each instance the claim is based upon
what the claimant alleges would be due him as his dis-
tributive share of the estate of Steven Laws Sr., deceased.

The circuit court was of the opinion that the claims or
demands of Steven Laws, Jr., and Genie West should be
dismissed and judgment rendered accordingly in each
case. Separate appeals have been prosecuted to this
court, and the cases have been consolidated for hearing.

*C. L. Poole,* for appellant Laws; *Oscar Winn,* for
appellant West.

*Rowell & Alexander,* for appellee.

HART, J., (after stating the facts). The Constitution
of 1836 contained a provision that courts of probate
should have jurisdiction in matters relative to the estates
of deceased persons, executors, administrators and
guardians, as may be prescribed by law.

In construing the statutes passed in obedience to this
provision of the Constitution, it was held that the pro-
bate court had exclusive jurisdiction in administration
proceedings, and that the administrator paid out legacies
or distributive shares, before an order of the probate
court for that purpose, at his own peril. The court said
that the assets are in the custody of the law, primarily
for the benefit of creditors; and that it is presumed by
the law that they remain in the hands of the executor, or
administrator, subject to the claims of creditors only,

until ordered by the court to be paid out, or distributed to legatees or distributees.   *McPaxton* v. *Dickson,* 15 Ark. 41.

Our present Constitution contains an essentially similar provision, and in construing it this court has held that it is only where the probate court has ascertained the amount in the hands of an administrator and ordered payment to a distributee that he can sue for the amount ordered to be paid.   *Ferguson* v. *Carr,* 85 Ark. 246, 107 S. W. 1177; and *Carpenter* v. *Hazel,* 128 Ark. 416, 194 S. W. 325.

It is true that Daniel Nelson, while administrator of the estate of Steven Laws, Sr., deceased, left Conway County without winding up the administration, but, under our statute, it would have been an easy matter to have made him file his account, and, after the payment of creditors, an order of distribution could have been easily obtained.   The jurisdiction of the probate court of Conway County was exclusive in the administration of the estate of Steven Laws, Sr., deceased, and that court had complete authority to settle his accounts and make an order of distribution, notwithstanding the fact that Daniel Nelson left the county.

It follows that the probate court of Jefferson County had no authority to allow a claim for a distributive share in the estate of Steven Laws, Sr., deceased, before an order of distribution in said estate was made by the probate court of Conway County.

The judgment of the circuit court will therefore be affirmed in each case.