WAGLEY v. ROBERTS.

4-3527

Opinion delivered July 9, 1934.

M. A. Hathcoat, for appellant.

Cotton & Murray and J. Loyd Shouse, for appellee.

JOHNSON, C. J. Appellant, J. M. Wagley, presented to appellee, John Roberts, administrator of the estate of Dr. J. L. Sims, deceased, his verified demand against said estate for the sum of $1,215.99, same being evidenced by a note purporting to have been signed and executed

by Dr. Sims. Appellee in his representative capacity denied the claim upon presentation, and thereafter said demand was presented to the probate court of Boone County for allowance. The claim was allowed by the probate court and classified. Appellee appealed from this probate court allowance to the circuit court, where a trial was had to a jury, which resulted in a verdict and judgment in favor of appellee, and this appeal is therefrom.

Appellee defended against allowance of the demand upon two grounds, namely; first, that the note was not signed and executed by the deceased, and, secondly, that on the date of the purported execution of the note Dr. Sims was incompetent. Either defense interposed, if established by testimony, would be all sufficient to deny the allowance of the demand. The testimony on the issue of the signing and executing the note was, to the effect that Dr. Sims, on the date of the purported execution, was 80 years of age and very feeble in body and mind, and that the note did not appear to bear the true signature of Dr. Sims. This was the effect of the testimony of Mrs. Roberts and Dr. George Kirby, children of deceased. In addition to the testimony just referred to, the admitted signatures were introduced in evidence for comparison with the signature of the note attached to the claim.

The court instructed the jury as follows: "You should find for the plaintiff, Wagley, unless you find from a fair preponderance of the evidence that the note sued on is not genuine, and that Dr. Sims didn't receive the money indicated by the note."

Appellant requested the court to give the following instruction: "The note itself as introduced is evidence of its genuineness and of the indebtedness therein mentioned, and the burden rests upon the defendant, John Roberts, administrator, to show by a fair preponderance of the testimony that the signature to the note is not genuine, and that he is not indebted to the said J. M. Wagley; and unless these facts are shown by a fair preponderance of the testimony, you will find for the plaintiff, J. M. Wagley."

This presents the first alleged reversible error. The instruction given by the trial court was more favorable

to appellant than he was entitled to under the law. It placed the burden of proof upon appellee to show by a fair preponderance of the testimony that the signature was not genuine and that Dr. Sims did not receive the money indicated by the note. A preponderance of the testimony is the true test under the law in this State and should have been the test here applied.

It is the established doctrine in this State that one can not complain of an instruction more favorable to him than he was entitled to under the proof or the law. *Southern Cotton Oil Co.* v. *Spotts,* 77 Ark. 458, 92 S. W. 249; *Gurdon & Fort Smith Ry. Co.* v. *Calhoun,* 86 Ark. 76, 109 S. W. 1017; *Hamiter* v. *Brown,* 88 Ark. 97, 113 S. W. 1014; *Jones* v. *Dyer,* 92 Ark. 460, 123 S. W. 757; *St. L. I. M. & S. Ry. Co.* v. *Hutchinson,* 101 Ark. 424, 142 S. W. 527.

Next, appellant urges that the court erred in refusing to give his requested instructions heretofore quoted. This instruction is fully covered by the one given by the court, and trial courts should not give instructions which are covered by instructions already given. *Furlow* v. *United Oil Mills,* 104 Ark. 489, 149 S. W. 69.

It is next insisted that reversible error was committed in allowing the cross-examination of witness Jackson in reference to the comparison of certain signatures. This cross-examination was entirely proper as tending to test the knowledge of the witness in reference to signatures generally and the true signature of Dr. Sims in particular.

No reversible error appearing, the judgment is affirmed.