ARKANSAS STABLES *v.* SAMSTAG.

Opinion delivered April 23, 1906.

1. MARRIED WOMAN—LIABILITY AS CORPORATE OFFICER.—A married woman who, as president of a business corporation, neglects or refuses to file the certificate required by Kirby's Digest, § 848, becomes liable, under § 859., *Id.,* for all debts of such corporation contracted during the period of such neglect or refusal. (Page 519.)

2. SAME—NON-JOINDER OF HUSBAND.—Under Kirby's Digest, § 5214, providing that a married woman may sue or be sued alone on account of her separate property, business or services, it was unnecessary, in a suit against a married woman as president of a business corporation to enforce the liability imposed by Kirby's Digest, § 859, to join her husband as a party. (Page 520.)

3. SAME—FAILURE OF JUDGMENT TO SHOW COVERTURE.—A judgment against a married woman will not be vacated under Kirby's Digest, § 4431, because the judgment fails to show that she was a married woman, if there was no error in the proceeding. (Page 520.)

Appeal from Pulaski Circuit Court; *Edward W. Winfield,* Judge; affirmed.

*Gus Fulk* and *J. H. Carmichael,* for appellants.

1. The statutory liability of the president of a corporation is a secondary liability, in the nature of a suretyship. In this case the president being a married woman, and the liability incurred not being for the benefit of her separate estate, she can not be held liable. 37 Mich. 185; 39 Mich. 671.

2. A married woman is not bound by a judgment against her where her coverture does not appear in the proceeding. 58 Ark. 484.

3. Except in reference to her separate estate, a married woman may not be sued without joining her husband in the suit. Kirby's Digest, § 6017, 6020; 44 Ark. 401; 64 Ark. 385.

4. The evidence is not sufficient to sustain the verdict. This court will reverse where the evidence is contrary to common observation, reason and experience, or carries on its face evidence of its falsity. 56 Ark. 217. See also 57 Ark. 402; *Ib.* 467.

5. A new trial should have been granted because of newly discovered evidence. 66 Ark. 612; 41 Ark. 232.

*Eben W. Kimball* and *James A. Comer,* for appellee.

1. Nothing in the record discloses that the president of the corporation in this case is a married woman. If the record is silent as to her coverture, the judgment against her is neither void nor erroneous. She may be bound by the judgment where the coverture does not appear in the proceedings. 19 Ark. 241; 39 Ark. 242; 58 Ark. 484, 486. A motion for new trial, after the defendant had appeared and answered, and after verdict, can not be used to vacate a judgment on the ground of coverture not disclosed in the proceedings. Kirby's Digest, § § 4431, 4433; 12 Enc. Pl. & Pr. 942.

2. A married woman may act as an agent or as a trustee. She may act as an officer of a corporation. 97 U. S. 308; 56 Am. Rep. 21. If she is chosen president of a corporation, and acts as such, she is estopped to deny her statutory liability.

3. It was not necessary that the husband be joined in the action. If it were necessary, the objection was waived by failure to raise it by demurrer or answer. Kirby's Digest, § § 6093-6096. It can not be raised after trial has begun. 35 Ark. 363.

4. The court did not err in denying a new trial because of newly-discovered evidence. It was merely cumulative, and offered for the purpose of impeaching evidence of appellee. 14 Enc. Pl. & Pr. 807. And no sufficient showing of diligence was made. 26 Ark. 496; 71 Ark. 65; 73 Ark. 528.

HILL, C. J. Samstag was employed by the Arkansas Stables, a corporation, as bookkeeper. He sued the corporation and the

president thereof, Mrs. Julia Simon, for unpaid wages. The president was sued upon the ground that she had failed to file the annual statement of the corporate affairs required by section 848, Kirby's Digest, and had become liable for the debts of the corporation, as provided by section 859.

No objection was made, until after trial, to the joinder of the causes of action, and none is presented here. The jury returned a verdict for the plaintiff, Samstag.

It is urged that it is not sustained by the evidence, and further that the trial court should have granted a new trial on account of newly-discovered evidence. It would serve no useful purpose to review the evidence on these questions. Suffice it to say that there was ample evidence to go to the jury and support the verdict, and its credibility has been weighed by the tribunal constituted to weigh it. The newly-discovered evidence was all cumulative; and, while it would have strengthened appellant's case, it presented no new features, and much of it was as easily procurable by diligence before trial as after it. Some interesting questions of law are presented.

1. Mrs. Simon, the president of the corporation, is a married woman, and it is contended that this statutory liability is a secondary liability, and in the nature of a suretyship, and not for the benefit of the married woman's separate estate, and her coverture prevents its attaching to her. A married woman, under modern statutes giving her a separate estate, may be a stockholder, director and officer of a corporation. 3 Thompson, Corporations, § 3857; 2 Purdy's Beach on Priv. Corp. § 708.

The rule is that when statutes are general, and apply to and include married women, the courts can work no exception in their favor. This doctrine has been applied by the Supreme Court of the United States in holding married women liable as stockholders in national banks for the liability to creditors of such banks when insolvent, imposed by statute. *Keyser* v. *Hitz,* 133 U. S. 138. Similar statutory liabilities are enforced whenever the question has been raised. 3 Thompson on Corporations, § 3103; 1 Purdy's Beach on Priv. Corp. § 390.

The reasoning which has led the courts to treat married women as stockholders subject to statutory liability necessarily leads to the same conclusion when they assume corporate office.

In virtue of their stockholding, they are eligible to corporate office, which is always desired for its emolument or to protect, care for and watch over the interest in the corporation owned by the officer, or for both reasons. It follows that she is acting in behalf of her separate estate or earning a separate income, and in these respects she is freed of her coverture. Kirby's Digest, § 5214.

2. It is said that a married woman could not be sued without her husband being joined. It is expressly provided that a married woman may sue alone or be sued in respect to her separate property, business or individual earnings. Kirby's Digest, § 5214.

It was no more necessary to join her husband herein than it would be for her to join him in any action she might be capacitated to bring in her official character as a corporation president. See Rodgers, Dom. Rel. § 217.

3. Appellant contends that the pleadings fail to disclose the coverture of Mrs. Simon, which was brought in the case in the motion for new trial for the first time, and that she is entitled to have the judgment vacated under section 4431, Kirby's Digest, as construed in *Richardson* v. *Matthews,* 58 Ark. 484. This statute only applies to erroneous proceedings against married women; and as the court holds it was not error to subject Mrs. Simon to this liability, this statute can not be invoked.

Finding no error in the judgment, it is affirmed.