## JONES *v*. HARRIS.

### Opinion delivered March 8, 1909.

| 90 | 51 |
| f90 | 88 |

1. SUBROGATION—NECESSITY OF PREPAYMENT OF DEBT.—One who is liable to pay the debt of another can not assert his right of subrogation against the debtor until he pays the debt in full, at least in so far as the rights of the principal creditor are concerned. (Page 55.)

2. MARSHALING OF SECURITIES—CONTINUANCE TO SECURE.—One who is sued for the debt of another for which he is primarily liable cannot ask a postponement in order that the assets or securities of the debtor may be marshaled. (Page 55.)

3. CORPORATIONS—LIABILITY OF OFFICER.—Where the president of a business corporation neglects to file the certificate required by Kirby's Digest, § 848, he becomes primarily and absolutely liable for the debts of the corporation incurred during the period of such neglect. (Page 56.)

4. INJUNCTION—MULTIPLICITY OF SUITS.—A court will not enjoin the prosecution of numerous actions arising out of the same transaction in order to prevent a multiplicity of suits where the defendant in such actions sets up no valid defense thereto. (Page 56.)

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; reversed.

*Scipio A. Jones, J. T. Castle, E. W. Kimball* and *Carmichael, Brooks & Powers,* for appellants.

1. Appellants were exercising a lawful right, in the manner prescribed by statute, and neither the receiver nor Gibbs had any right to complain. Kirby's Digest, § § 848, 859; 82 Ark. 242. The receiver had no right to sue Gibbs. His liability is statutory. It belongs to the creditors, the depositors. It is not an asset of the bank, and therefore did not pass to the receiver (Kirby's Digest, § 950), and the receiver had no interest in it; and the receiver had no more right to bring suit to restrain depositors from suing Gibbs than any other person would have had to prevent them from following their statutory rights. 47 L. R. A. 617; *Id.* 621; 1 Cook, Stock and Stockholders, § 218; 38 L. R. A. 415; 36 L. R. A. 645; 34 L. R. A. 737; 91 N. Y. 318; 96 Ill 135; Wait on Insolvent Corp. § 85; 12 Fed. 454; 70 Mo. 13; 96 Ill. 135; 114 Fed. 291; 37 Mich. 228; 62 N. Y. 206.

2. Gibbs is without standing in equity. Having been derelict in his duty as an officer of the bank, his liability under the statute is fixed, is primary and not secondary, and he has no right of subrogation. 37 Mich. 228; 78 Ark. 517; 68 Ark. 21; 79 Ark. 465.

*Ratcliffe, Fletcher & Ratcliffe,* for appellee.

1. There is a distinction to be drawn between mere acts of neglect (not induced by bad motives) and those of wilful or intentional neglect or of positive and affirmative wrong. In the first class belongs the present case, and therefore Gibbs is entitled to subrogation. 3 Thomp. Corp. § § 4376 *et seq.;*

105 U. S. 175; Kirby's Digest, § 859; Mansf. Digest, § 980; 118 Mass. 295; 68 Ark. 433; 65 Ga. 734; 55 Ark. 450.

2. Notwithstanding the creditors could sue at law, it is evident that Gibbs could not have as complete and final relief at law as in equity. "It is not enough that there should be a remedy at law; it must be plain and adequate, or, in other words, as practical and efficient to the ends of justice and its prompt administration as the remedy in equity." 3 Pet. 210, 7 L. Ed. 655; 115 U. S. 550; 29 L. Ed. 472; 47 So. 275; 45 So. 861.

McCULLOCH, C. J. The assets of the Capital City Savings Bank, a domestic corporation engaged in the banking business, were, by the Pulaski Chancery Court, placed in the hands of a receiver, at the instance of a creditor in a suit brought against the corporation, wherein it is alleged to be insolvent. M. W. Gibbs, one of the appellees, was president of the corporation, and both he and the secretary failed to make and file the annual certificate showing the condition of the affairs of the corporation, as required by the statute (Kirby's Digest, § 848); and many of the unpaid creditors of the bank instituted separate actions at law against Gibbs to recover the amount of their respective claims, basing their right to recover on the following statute:

"If the president or secretary of any such corporation shall neglect or refuse to comply with the provisions of section 848 and to perform the duties required of them respectively, the persons so neglecting or refusing shall jointly and severally be liable to an action founded on this statute for all debts of such corporation contracted during the period of any such neglect or refusal." Kirby's Digest, § 859.

While these actions were pending, the receiver filed in the chancery court his petition, asking that the plaintiffs in those actions, their agents and attorneys, be restrained from prosecuting the actions until their respective claims should be duly probated in the chancery suit wherein the receivership is involved, and until the winding up of the assets of the bank be concluded in the chancery court. Subsequently, appellee Gibbs filed a similar petition in the chancery court, praying that all creditors of the bank (including those who had sued him at law) be required to present their respective claims to that court

against. the bank and against him, the petitioner; that they be enjoined from prosecuting the actions at law against him, and be required to first resort to the assets of the bank as administered by the chancery court before proceeding against him for the payment of their claims, and that he be subrogated to the rights of the creditors against the assets of the bank. He alleged in his petition that there are about 800 creditors of the bank, many of whom had already instituted actions at law, and that a separate action against him by each creditor would be oppressive and burdensome, and would absorb much of his property in costs and expenses. On the hearing of the petitions, the court overruled a demurrer interposed by the creditors to the petitions, and rendered a final decree in accordance with the prayer thereof, requiring all creditors to file in that court for adjustment and adjudication their claims against the bank and against Gibbs as president thereof, and restraining said creditors, their agents and attorneys, from prosecuting actions at law against Gibbs without obtaining permission of that court. The court also enjoined Gibbs from selling any of his property without first obtaining the permission of the court. The creditors appealed.

It will be noted, in the first place, that the petition of appellee Gibbs sets forth no defense to the actions at law instituted against him by creditors of the bank on account of his failure to file the annual statement. His petition, *sub silentio,* concedes his liability for the debts of the bank contracted during the period of his neglect to file the statement. His only asserted claim to equitable relief is based on the allegation that he has no means of accurately determining in what amount the bank is liable to said several creditors, or for what part thereof he is liable; that separate actions instituted by a large number of creditors would subject him to great expense and costs, and that he is entitled to subrogation to the rights of the creditors against the assets of the bank. He does not allege that there are any such serious complications in the accounts of the creditors as would render it impracticable in an action at law for a court or jury to determine the amount of his liability. No reason is given why access could not be had to the books and accounts of the bank in the hands of the receiver for the purpose

of determining in a trial at law the amount of his liability to creditors.

It is unnecessary for us to determine now whether or not appellee Gibbs will be entitled to subrogation to the rights of creditors against the assets of the bank, for the reason that his right of subrogation, if it should ultimately be found to exist, is not complete and enforcible until he pays the debts. It is well established that one who is liable to pay the debt of another can not assert his right of subrogation until he pays the debt in full, at least so far as the rights of a principal creditor are concerned. In order to put himself in position to ask for subrogation, he must pay the debt. Even payment of a part of the debt does not establish his right to subrogation. *McConnell* v. *Beattie,* 34 Ark. 113; *Bank of Fayetteville* v. *Lorwein,* 76 Ark. 245; Sheldon on Subrogation, § § 3 and 127; Harris on Subrogation, § 29; *Carter* v. *Neal,* 24 Ga. 346; *Wilkins* v. *Gibson,* 113 Ga. 31; *Stuckman* v. *Roose,* 147 Ind. 402; *Lumbermen's Ins. Co.* v. *Sprague,* 59 Minn. 208; *Bank of Pennsylvania* v. *Potius,* 10 Watts (Pa.) 148; *Kyner* v. *Kyner,* 6 Watts (Pa.) 221; *Muller* v. *Flavin,* 13 So. Dak. 595; *Featherstone* v. *Emerson,* 14 Utah 12; *Sickels* v. *Herold,* 15 Misc. (N. Y.) 116, 36 N. Y. Supp. 488.

The reason of this rule is that the person ultimately entitled to subrogation can not be permitted to interfere with or delay injuriously the right of a principal creditor to pursue every remedy open to him for the collection of his debt. The same reason forbids the person asserting the right of subrogation from asking a postponement in order that the assets or securities may be marshaled. 6 Pomeroy, Equity Jurisprudence, § 866.

Mr. Pomeroy in the section above cited says: "Relief will not be given if it will delay or inconvenience the paramount incumbrancer in the collection of his debt, or prejudice him in any manner; for it would be unreasonable that he should suffer because some one else has taken imperfect security. Thus, relief has been denied where the fund to be resorted to has been dubious, or one which might involve the creditor in litigation; and a mere personal remedy has been held insufficient to warrant interference."

The rule thus announced is strengthened by a consideration of our statute as interpreted by this court declaring the character of the liability fixed thereby. We have held that it creates a primary and not a secondary liability, and that the defaulting officers of the corporation become, by reason thereof, absolutely liable for the debts of the corporation incurred during the period of the default. This being true, they have no right to postpone the enforcement of the statute against them, and no equities can arise in their favor as against creditors of the corporation. *Nebraska National Bank* v. *Walsh,* 68 Ark. 433; *Ark. Stables* v. *Samstag,* 78 Ark. 517.

Appellees also invoke the principle announced by some authorities that a court of equity will enjoin the prosecution of numerous actions arising out of the same transaction in order to prevent a multiplicity of suits. Two cases of this sort have been brought to our attention. *Southern Steel Co.* v. *Hopkins,* 47 So. (Ala.) 274; *Whitlock* v. *Yazoo & M. V. Rd. Co.,* (Miss.) 45 So. 861. The Mississippi case was one to enjoin the prosecution of numerous suits instituted separately against a railroad company to recover damages alleged to have been caused by a railroad accident; and the Alabama case was one to enjoin 110 separate suits against a coal company for damages caused by the alleged negligent killing of persons in a mine explosion. In both of those cases the defendants in the actions at law asserted in their respective bills in equity valid defenses, and claimed the right to make defense without being subjected to the costs and expenses of a multiplicity of suits. In the present case, however, appellee Gibbs asserts no defense whatever to the actions at law. Without pausing to consider whether, under the state of facts set forth in the cases just cited, we would uphold the right to enjoin suits at law, we have no hesitancy in saying that in a case like the present one, where no defense at all is asserted, the principle can not be invoked to call into action the jurisdiction of a court of equity.

The chancery court erred in its decree, and the same is reversed and the cause remanded with directions to dissolve the injunction and to dismiss the two petitions.

Appellee Gibbs has cross-appealed from that part of the decree restraining him from disposing of his property. It nec-

essarily follows that that part of the decree must also fail, and it, too, is reversed.