MASSACHUSETTS BONDING & INSURANCE COMPANY *v.* HOME LIFE & ACCIDENT COMPANY.

### Opinion delivered July 6, 1914.

1. INSURANCE—FIRE INSURANCE—BOND—LIABILITY.—The surety on a bond given by a fire insurance company, under Kirby's Digest, § 4339, which requires all fire insurance companies to give a bond annually, to secure the payment of all claims under any policies, and that such bonds shall be renewed annually, and conditioned that the bond shall be in full force and effect during the lifetime of any policy; *held*, the surety is liable for the return premiums, and for all losses which occur during the term of the bond, regardless of the fact that there have been previous bonds.   (Page 580.)

2. INSURANCE—FIRE INSURANCE—BONDS—LIABILITY OF BONDSMEN.—The surety upon the bond of a fire insurance company, in force at the time a loss occurs only is liable, the provisions of the statute requiring a renewal, contemplate that there shall be only one bond in force all of the time, and the last surety can not enforce contribution from his predecessors, and policy holders can not hold the surety on the bond in force when the policy was issued.   (Page 581.)

3. CONSTITUTIONAL LAW—LEGISLATIVE AUTHORITY.—The courts will not question the right of the Legislature to require fire insurance companies to furnish bonds, only for the payment of losses to the amount of $20,000.   (Page 581.)

Appeal from Pulaski Chancery Court; *John E. Martineau*, Chancellor; reversed.

*Bradshaw, Rhoton & Helm,* for appellant.

The bond in force at the time the policies were cancelled is the only one liable to the insured.

Even though policies were written during the term of appellant's bond between March 1, 1912, and March 1, 1913, the claims for unearned premiums arose and accrued after March 1, 1913, and the appellee, Home Life & Accident Company, only is liable.   91 Ark. 43-51; 76 Ark. 410; 115 Fed. 69; 97 Ark. 553.

The liability of a surety is not to be extended by implication beyond the terms of its contract.   24 How. 315, 16 Law. Ed. 689; 17 Ohio 565; 32 Cyc. 73.   A surety has the right to stand on the very terms of his contract.   4 L. R. A. 680; 3 L. R. A. 168; 9 L. R. A. 353; 13 L. R. A. 418.

See, also, on the question of liability as between successive sureties, 66 S. W. 394, 56 L. R. A. 936; 99 Am. St. Rep. 302; 9 L. R. A. 223; 90 S. W. 410; *Id.* 413; 33 So. 73, 81 Miss. 339; 59 N. Y. S. 345, 61 N. E. 902; 54 N. E. 771.

*McRae & Tompkins,* for appellee.

The primary liability is upon the company on the bond at the time the policy was written.   Acts 1905, p. 492, § 4; 97 Ark. 459; Acts 1905, p. 772, § 4; Acts 1903, p. 409; Acts 1909, p. 939; 49 Am. Dec. 410; 15 *Id.* 100; 32 Cyc. 87; 36 S. W. (Tenn.) 731; 16 S. W. (Ky.) 526; 44 Am. Dec. 78; 76 Ark. 410; 40 Conn. 552, 16 Am. Rep. 74.

*Cockrill & Armistead,* for interveners.

The sureties in both bonds are liable.   76 Ark. 415; 97 Ark. 549.

McCULLOCH, C. J.   The American Union Fire Insurance Company of Philadelphia became insolvent and was placed in the hands of a receiver by the courts of its domicile in March, 1913, and at that time it was liable to policy holders in this State for return premiums and fire losses.   The company had been doing business in the

State for several years and had given, and annually renewed, its bond as required by statute.

The issue in this case relates to the liability on the successive bonds, the particular question being which bond is liable, whether it is the bond covering the period during which the policies were written, or the last bond, which is the one covering the period during which the liability to policy holders accrued, or both.

The first bond was executed by Southwestern Surety & Insurance Company as surety, and it covered the period from March 1, 1911, to March 1, 1912.

The second bond was given by appellant, Massachusetts Bonding & Insurance Company, to cover the period running from March 1, 1912, to March 1, 1913, and the controversy in this case arises over policies which were issued by the company during that period.

The last bond, which covers the period running from March 1, 1913, to March 1, 1914, was executed by appellee, Home Life & Accident Company, as such surety.

All of the bonds were in the same form, and were executed in conformity to the statute, which reads as follows:

"All fire, life and accident insurance companies, individuals or corporations, now or hereafter doing business in this State, in addition to the duties and requirements now prescribed by law, shall annually give a bond to the State of Arkansas with not less than three good and sufficient sureties, to be approved by the Auditor of the State, in the sum of twenty thousand dollars, conditioned for the prompt payment of all claims arising and accruing to any person during the term of said bond, by virtue of any policy issued by any such company, corporation or individual, upon the life or person of any citizen of the State, or upon any property situated in the State, and such bond shall be annually renewed; provided, that the bonds of all fire insurance companies doing business in this State shall be conditioned that said bond shall be in full force and effect during the lifetime of any policy issued by said company, but said bond shall be renewed

annually, as provided in this section." Kirby's Digest, § 4339.

The statute was amended in certain particulars by the act of May 31, 1909, but the above quoted language was not changed.

In *United States Fidelity & Guaranty Co.* v. *Fultz,* 76 Ark. 410, we held that the liability of the sureties is fixed when the loss by fire occurs and that claim accrued at that time within the meaning of the statute.

The decision in that case was followed by this court in *American Ins. Co.* v. *Haynie,* 91 Ark. 43, where it was said:

"By the provisions of the bond, the sureties were obligated to pay all claims accruing to any person during the term of the bond. The claim accrued when the insured had a present enforceable right of action against the insurance company. Manifestly, his claim against the company accrued during the term of the bond. The bond was executed on the 7th day of May, 1907, and was for a period of one year. The fire occurred on the 29th day of October, 1907. In accordance with the ruling in the case of *United States Fidelity & Guaranty Co.* v. *Fultz,* 76 Ark. 410, we hold that the bond was liable."

The same conclusion was reached in *Crawford* v. *Ozark Ins. Co.,* 97 Ark. 549, where the court had under consideration a statute providing for bonds to be given by mutual insurance companies. The language of the statute requiring bonds in such cases is substantially the same as that used in the statute hereinbefore quoted, except that it does not provide for annual renewal and does not contain the express provision that "said bond shall be in full force and effect during the lifetime of any policy issued by said company." It was held, following the decision in the Fultz case, *supra,* and in the Haynie case, *supra,* that the sureties on the bond covering the period during which the loss occurred were liable, notwithstanding the fact that the policy was issued during a former period covered by another bond. The court said:

"The clause of the bond under consideration should be construed and read as follows: Shall promptly pay all claims arising and accruing to any person or persons during the term of this bond, by virtue of any policy issued by said company, upon any property situated in the State of Arkansas, when same shall become due. This arrangement is according to the punctuation and grammatical construction; and, while punctuation should not control, neither should it be ignored, in considering what the makers of the instrument meant by the language employed. The comma after 'persons' and 'company' shows that the phrase, 'by virtue of any policy issued by said company,' is parenthetical. Their effect is to make the prepositional phrase, 'during the term of this bond,' relate to and qualify the participle 'accruing,' and not the verb 'issued.' When thus construed, the bond conforms to the law as interpreted in *American Insurance Company* v. *Haynie, supra,* by which this case is ruled."

Now, those cases settle the question beyond dispute that the last bond executed by appellee, Home Life & Accident Company, is liable for the return premiums and for all losses which occurred during the life of that bond, which took effect on March 1, 1913.

But it is insisted by learned counsel for appellee that the sureties on the bond covering the prior period were primarily liable, and that the sureties on the last bond are only secondarily liable, and that, as between the two sets of sureties, the liability should be adjudged against the sureties on the bond which covered the period during which the policies were issued.

Our conclusion is, however, that the cases quoted clearly hold that the sureties on the last bond are primarily liable, and the only undetermined question in this case is whether or not the sureties on the first bond are liable at all.

The chancellor held that the two sets of sureties were equally liable and divided the liability between them.

The claimants who intervened have appealed, and insist that there should be a decree against both sets of sureties.

We are unable to find any authority directly bearing upon the construction of our statute so far as relates to the question of liability of the sureties on a bond which had been renewed. But it seems to us that a fair interpretation of the legislative will is that the sureties on an annual bond are only liable for claims of policy holders which arise and accrue during the period covered by the bond and beyond that period, too, upon all policies issued during the lifetime of the bond until it is renewed. The statute says in plain words, it is true, that "said bond shall be in full force and effect during the lifetime of any policy issued by said company." But that expression is coupled with the provision that the bond shall be renewed, and we think that the renewal of the bond terminates all liability of the sureties on the bond except as to liabilities which have already accrued within the meaning of the statute.

This provision of the statute is a part of a comprehensive legislative scheme for the regulation of the insurance business and the protection of policy holders. It was determined that a bond for $20,000, executed by sureties to be approved by the Auditor, and with power vested in the Auditor to require a renewal at any time, was sufficient protection to policy holders. We have nothing to do with the policy of the Legislature in determining that that amount of bond is sufficient. The statute provides, in addition to the absolute requirement of an annual renewal, that it is the duty of the Auditor to require any insurance company to file a new bond "at any time when it shall appear that such bond is not sufficient, or that the amount thereof has been exhausted by judgment, or that the sureties on the same have died or become insolvent." Kirby's Digest, § 4343.

The purpose of the lawmakers was to require a subsisting indemnity in the sum of $20,000 to policy holders

against loss and that this was sufficient to fully protect them.

The only consistent interpretation of that scheme is that successive bonds extinguish the liability of sureties on the preceding bonds. The provision continuing the force of the bond during the lifetime of any policies issued during the period it covered was meant merely to continue that liability until it was extinguished by a renewal. We think this carries out a consistent scheme and that it was what the Legislature intended.

It is said that this construction will work a hardship, in that a bond in the sum of $20,000 is not sufficient to cover all the liabilities in this case.

That, however, is a matter which addresses itself to the Legislature, and not to the courts, for, as before stated, there is a legislative determination that a bond of $20,000 is sufficient. Doubtless it is generally sufficient, and this proves an exception to the rule.

The decree of the chancellor was not in accordance with the statute as we interpret it, and the decree is reversed and the cause remanded, with directions to adjudge liability in accordance with the statute as here interpreted.