NEW AMSTERDAM CASUALTY COMPANY v. SQUIRES.

4-3326

Opinion delivered April 16, 1934.

*Buzbee, Harrison, Buzbee & Wright,* for appellant.

*A. G. Meehan, John W. Moncrief, John L. McClellan, Malcolm T. Garner* and *Sam T. & Tom Poe,* for appellees.

MEHAFFY, J. The appellee, Frank Squires, recovered a judgment for $10,000 against H. E. Pattison, in the Saline Circuit Court, as the result of an automobile accident. Pattison had a policy of automobile liability insurance issued by the Union Indemnity Company.

After obtaining judgment, an execution was issued in favor of Squires against Pattison and the execution returned unsatisfied. Suit was then brought in the Little River Circuit Court against the Union Indemnity Company and the appellant, New Amsterdam Casualty Company.

While this suit was pending in the Little River Circuit Court against the appellant, suit was brought against the New Amsterdam Casualty Company in the Pulaski Chancery Court by the Independence Indemnity Company. The Independence Indemnity Company had also given a qualifying bond for the Union Indemnity Company. In this suit brought in the Pulaski Chancery Court the New Amsterdam Casualty Company filed answer and cross-complaint in which it made Squires, the appellee here, and others cross-defendants, and asked that they be required to interplead and file claims against the New Amsterdam Casualty Company for adjudication in the Pulaski Chancery Court, and asked that the appellee, Squires, be enjoined from further prosecuting the suit in

Little River County against the appellant. The appellant admitted giving a qualifying bond in the sum of $20,000, but denied liability under said bond. A restraining order was issued prohibiting Squires from prosecuting his suit at law in Little River County against the New Amsterdam Casualty Company.

The appellee, Squires, then filed a petition in this court for a writ of prohibition, prohibiting the Pulaski Chancery Court and the special chancellor from interfering with the prosecution of the suit in Little River County. The writ prayed for was issued by this court. *Squires* v. *New Amsterdam Casualty Co.*, 187 Ark. 467, 60 S. W. (2d) 185.

The New Amsterdam Casualty Company filed answer in the Little River Circuit Court denying all the material allegations in appellee's complaint. Numerous other persons were made parties to the suit, and the appellant filed its motion to transfer the case to equity. Response was made to this petition, and the motion to transfer to equity was overruled, but the motion to make other parties defendant was granted. We deem it unnecessary to set out the pleadings with reference to other parties to the suit.

At the trial of this case in the Little River Circuit Court the appellant submitted certain findings of fact and declarations of law, which the court overruled, and judgment was entered in favor of the appellee against the appellant for the sum of $10,447.48 with interest at the rate of 6 per cent. per annum from July 14, 1933, until paid. The appellant thereupon filed a motion for a new trial which was overruled, exceptions saved, and the case is here on appeal.

H. A. Hoover and William Snotzmeier also obtained judgments at the same time, aggregating $8,192.35. It is unnecessary to discuss these judgments and appeals separately.

Appellant's first contention is that there is no liability on its part because, while it admits filing the $20,000 qualifying bond on February 26, 1931, it alleges that thereafter on March 6, 1931, securities were deposited, and that under the terms of the statute these depos-

its were in lieu of the bond executed on February 26th, and that thereafter there was no liability on the $20,000 bond.

The statute provides for the filing of the $20,000 bond, § 5980 of Crawford & Moses' Digest. Section 5981 of Crawford & Moses' Digest provides that, in lieu of the bond above mentioned, the insurance company may file the certificate of deposit provided for in § 2 of act 220 of the Acts of the General Assembly of 1913. Section 6 of act 493 of the Acts of 1921, provides that the insurance company shall "file a bond in the sum of $20,000 covering its casualty business with the insurance commissioner, and subject to his approval as provided in § 5980 of Crawford & Moses' Digest, or in lieu of such $20,000 bond, shall file the certificate of deposit provided for in § 20 of act 220 of the Acts of the General Assembly of 1913."

The argument is made that authority under the law to file the certificate of deposit of securities in lieu of the bond, authorized the filing of the certificate of deposit after the bond had been filed, and that the filing of this certificate of deposit of securities took the place of the bond that had theretofore been filed. We do not agree with appellant in this contention. A reasonable construction of the statute is that the insurance company may file the $20,000 bond, or, if it does not do so, it may, instead of filing the $20,000 bond, file the certificate of deposit of securities. The bond is given for one year, and, when filed, it was in lieu of the certificate of deposit of securities, and, there is no authority under the law to withdraw the bond or substitute the certificate of deposit of securities. In other words, the insurance company might have filed a certificate of deposit of securities, or the $20,000 bond. It could have filed either, but, when it filed the bond, it could not thereafter relieve the sureties on the bond so filed by filing the certificate of deposit of securities.

Appellant correctly states that "in lieu of" means "instead of" or "in place of." Instead of filing a surety bond for $20,000, the insurance company could have filed

the certificate of deposit of securities, but it did not do this; it filed the $20,000 bond.

Appellant argues that it was clearly the intention of the Legislature that only one bond or one certificate should be in effect at any one time. Assuming this to be true, when the $20,000 bond was filed, it was in effect, and by the express terms of the bond it was effective for one year ending March 1, 1932. The statute, which is written into the bond, also provides for an annual renewal of the bond.

Appellant argues that, in lieu of the certificate of deposit, the insurance company may execute a bond for $20,000 conditioned solely for use of claimants on account of policies written in the State of Arkansas. It argues that this bond may be filed in lieu of the certificate of deposit, and, when so filed, the certificate is no longer necessary or effective. That is true. When the $20,000 bond was filed, it became effective, and it was in lieu of any certificate that might be filed or that could have been filed. There is no law authorizing the filing of certificates of deposits in lieu of a bond that has already been filed. When either is filed, the law is complied with, and there is no provision in the law for substituting one for the other. If a bond is filed, there is no provision for substituting a certificate and releasing the bond, and, if the certificate of deposit of securities had been filed, there is no statute authorizing substituting a bond for the certificate.

It is true that filing the certificate of deposit would have authorized the Union Indemnity Company to do business in Arkansas without the filing of any bond, but the filing of the $20,000 bond was sufficient to authorize the Union Indemnity Company to do business in Arkansas, and, as stated by the appellant, either was entirely sufficient, and either could be filed in lieu of the other, but when one was filed there could be no substitution. There is no evidence of any intention to release the $20,000 bond, and no evidence that the certificate was filed as a substitute.

Appellant calls attention to *Massachusetts Bonding & Insurance Company* v. *Home Life & Accident Co.*, 113

Ark. 576, 168 S. W. 1062, to sustain its contention that it was the intention of the Legislature that claimants could have recourse to only one bond. The bonds given in that case were for one year periods, just as the bond in this case. One of the bonds covered the period from March 1, 1911, to March 1, 1912, and the second bond covered the period from March 1, 1912, to March 1, 1913, and the last bond covered a period from March 1, 1913, to March 1, 1914. The court in that case stated: "The issue in this case relates to the liability on the successive bonds, the particular question being which bond is liable, whether it is the bond covering the period during which the policies were written, or the last bond, which is the one covering the period during which the liability to policyholders accrued, or both."

In that case, three separate bonds had been given, each for a period of one year. The question decided there might have been involved here if, at the end of the period which the $20,000 bond covered, another bond had been given for another year, but we have no such question in this case. There was but one bond given, and it was not displaced or canceled, and there is no evidence that the certificate of deposit of securities was given in substitution or to take the place of this bond.

The $20,000 bond given by appellant, as we have already said, was for one year, and there is no provision for giving another bond until the end of that period.

The court, in the case above cited, also said: "But it seems to us that a fair interpretation of the legislative will is that the sureties on an annual bond are only liable for claims of policyholders which arise and accrue during the period covered by the bond and beyond that period, too, upon all policies issued during the lifetime of the bond until it is renewed."

It will be observed that the court there held that the insurance company was liable for claims of policyholders, not only those which arise and accrue during the period covered by the bond, but beyond that period too, upon all policies issued during the lifetime of the bond until it is renewed.

The language in § 5980 of Crawford & Moses' Digest is: "conditioned for the prompt payments of all claims arising and accruing to any person during the term of said bond, by virtue of any policy issued by such company," etc. The act does not say when a cause of action accrues, but it provides for claims arising and accruing to any person during the term of said bond. A claim might arise and accrue before the cause of action accrued.

The rights of the parties became fixed at the time of the accident, although there was no cause of action against the appellant until judgment had been obtained against the wrongdoer, and an execution had been returned unsatisfied.

We said in a recent case: "The rights of the parties had become fixed at a time no premium was due. While the cause of action had not accrued, yet the liability existed." *Atlas Life Ins. Co.* v. *Wells,* 187 Ark. 979, 63 S. W. (2d) 533. The liability existed in this case when the accident occurred, and the accident occurred during the life of the bond.

This court said: "The question first presented is, when did the claim arise and accrue, within the meaning of the statute and terms of the bond, so as to create liability on the part of sureties on the bond of the company? Did that contingency occur when the property was destroyed, or when the amount of the loss became payable according to the terms of the policy?

"A consideration of the language of the statute leads to the conclusion that the liability of the sureties is fixed when the loss by fire occurs, and not from the date when the amount becomes payable. The happening of that contingency fixes the liability of the principal in the bond upon its policy, and nothing remains to be done but to ascertain and adjust the amount of the loss. The liability is fixed when the loss occurs, though payment does not become due until sixty days later. It follows that the liability of the sureties becomes fixed with that of the principal, and ripens into a mature cause of action when default is made by the principal in the payment according to the terms of the policy." *U. S. Fidelity & Guar. Co.* v. *Fultz,* 76 Ark. 410, 89 S. W. 93.

The happening of the accident in the instant case fixes the liability of the principal in the bond upon its policy, and the claim then arises. It is conceded that the accident and injuries to the three persons, appellees here, occurred during the life of the bond. The appellees, however, could not maintain a suit against the insurance company until they had obtained judgment against the wrongdoer, and until execution had been issued and returned unsatisfied. We think any other construction of the statute would be unreasonable, and we think the plain meaning of the statute is that for all claims where accidents happened while the bond was effective, there is liability against the insurance company if the wrongdoer is insolvent, although suit is not brought until after the expiration of the bond. The happening of the accident fixes the liability, and the claim accrues at that time. It is immaterial when the cause of action arose if the claim arose while the bond was in effect.

The bond of the appellant provides: ''If the said Union Indemnity Company shall promptly pay all claims arising and accruing to any person or persons during said term of one year, by virtue of any policy issued by the said company upon the life or person of any citizen of the State of Arkansas, or upon any property situated in the State of Arkansas when the same shall become due, etc.''

It will be observed that the bond provides for prompt payment of all claims that arise and accrue during said term of one year. We have already said that the claim arose and accrued at the time of the accident, but it was not due and payable until judgment was had against the wrongdoer and execution returned unsatisfied.

It is next contended by the appellant that the motion to transfer to equity should have been granted. However, the appellant did not raise this question in its motion for a new trial. It made this same contention in the suit in the Pulaski Chancery Court, and this court said: ''In the first place, liability under the bond was not admitted; but, on the contrary, was specifically denied. An admission of liability was essential and neces-

sary before the cross-complaint could be treated as a bill of interpleader or a bill in the nature of a bill of interpleader.'' *Squires* v. *New Amsterdam Casualty Co.,* 187 Ark. 467, 60 S. W. (2d) 185.

In the instant case liability under the bond was not admitted, but on the contrary was specifically denied. If appellant had admitted its liability in the sum of $20,000, the amount of its bond, and offered to pay, then its suit in the Pulaski Chancery Court would have been proper, and all the parties interested would have been brought in; but when a defendant is sued and says that it does not owe any one on the bond, then it has no right to bring in all parties who assert claims against it, but it can only do this when it admits liability.

We find no error, and judgment is affirmed.