Fidelity & Deposit Company of Maryland *v.* Frazier.

4-3823

Opinion delivered April 15, 1935.

*Horace Chamberlin,* for appellant.

*W. A. Bates* and *Donald Poe,* for appellee.

Johnson, C. J. On August 19, 1924, the North American Life Insurance Company issued its policy or contract of life, sick and accident insurance to George G. Frazier in the principal sum of $1,000. The contract expressly provided, if the insured suffered total and permanent disability within certain provisions of the policy, he would be paid the sum of $100 per year so long as he lived. The contract contained this pertinent provision:

"If the insured shall furnish the company due proof that, while this policy is in full force for the face amount during the premium paying period, and before default in payment of any premium, he has, after this policy shall have been in force for one full year, and before the anniversary of the policy on which the insured's age at nearest birthday is 60 years, become wholly disabled by bodily injuries or disease, so that he is and will be, presumably, thereby permanently and continuously prevented from engaging in any occupation or employment what-

ever for remuneration or profit, and that such disability has then existed for not less than 60 days; then, commencing with the anniversary of the policy next succeeding the receipt of such proof, the company will on each anniversary waive payment of the premium for the ensuing insurance year. * * * In addition to waiving payment of premium in event of the disability aforesaid, commencing one year after the anniversary of the policy next succeeding the receipt of such proof the company will pay the insured a sum equal to one-tenth of the face value of the policy, and a like sum on each anniversary thereafter during the lifetime and continued permanent disability of the insured.''

On December 31, 1927, the Inter-Southern Life Insurance Company, assumed the liability of the North American Life Insurance Company on the contract theretofore issued to George G. Frazier. On March 1, 1930, the Inter-Southern Life Insurance Company filed its certificate of deposit with the Arkansas Insurance Commissioner and on March 3, 1930, it also filed a bond signed by appellant, Fidelity & Deposit Company, as surety. Both the certificate of deposit and bond provided they covered a period of one year and terminated on March 1, 1931. Subsequent to March 1, 1931, surety was furnished by the Inter-Southern Life Insurance Company, other than appellant. On August 8, 1932, the receiver for the Inter-Southern Life Insurance Company, it having been declared insolvent, transferred and assigned to the Kentucky Home Life Insurance Company all the assets of the Inter-Southern Life Insurance Company, and the Kentucky Home Life Insurance Company assumed certain liabilities of the Inter-Southern Life Insurance Company, among which was the Frazier policy, upon a restricted basis. This re-insurance contract was filed with the Insurance Commissioner of this State on June 21, 1932. On January 3, 1933, appellee filed a suit against the Kentucky Home Life Insurance Company in a court of competent jurisdiction of this State, but the suit was subsequently dismissed. Thereafter on April 20, 1933, appellee instituted this suit against appellant in the circuit court of Scott County, alleging, in effect, his contract

with the North American Life Insurance Company, and that he had during the lifetime of said policy suffered total and permanent disability as defined in said contract; that said disability was suffered on January 1, 1931, and within the lifetime of appellant's fidelity bond, and he prayed judgment accordingly.

In answer to the complaint thus filed, appellant surety asserted three defenses, namely: First, that its bond, which was filed with the Insurance Commissioner of Arkansas on March 3, 1930, never became an effective obligation because filed subsequent to the certificate of deposit; second, if the bond were effective, appellee's claim did not arise or accrue during the life of its bond; third, that appellee accepted the Kentucky Home Life Insurance contract as a complete novation.

A trial was begun to a jury, but at the close of the testimony both appellant and appellee requested peremptory instructions, and neither party requested other instructions, and thereupon the court withdrew the case from the jury's consideration and found as a matter of law that appellee should recover of and from appellant the sum of $100 same being the installment which was payable under the contract on August 19, 1933.

The testimony reflected, and the trial court so found, that appellee was totally and permanently disabled within the purview of his contract of insurance on January 1, 1931, and that due proof thereof was filed with the insurer on September 19, 1933. This appeal raises the three questions presented by appellant's answer in the lower court.

The contention that the bond filed with the insurance commissioner on March 3, 1930, never became effective because prior thereto the Insurance Commissioner had accepted or approved a certificate of deposit of the insurer cannot be sustained. No showing is made that the certificate of deposit filed by the insurer with the State Insurance Commissioner on March 1, 1930, was ever accepted or approved by said Commissioner in compliance with § 6059, Crawford & Moses' Digest, and the subsequent filing of appellant's surety bond as authorized by § 5980, Crawford & Moses' Digest, is proof certain that

said certificate of deposit was not accepted or approved by the Insurance Commissioner as compliance with the statute. This view is all sufficient to differentiate this case from *New Amsterdam Casualty Co.* v. *Squire*, 189 Ark. 79, 70 S. W. (2d) 847, if indeed differentiation need be made. We therefore hold that appellant's surety bond became an effective obligation on March 3, 1930, and remained such until its expiration on March 1, 1931.

Appellant's next contention is that appellee's claim did not accrue during the life of its surety bond, therefore no liability exists in his favor against it. The trial court found as a fact, and the finding is not seriously controverted on this appeal, that appellee became totally and permanently disabled January 1, 1931, which was within the life of appellant's surety bond.

In the recent case of *Smith* v. *Mutual Life Ins. Co.*, 188 Ark. 1111, 69 S. W. (2d) 874, which arose over provisions of a policy of insurance not materially different from the one here under consideration, we held that liability arose against the insurer and in favor of insured when the insured suffered total and permanent disability unless the provisions of the policy were such as to make proof of loss a condition precedent to liability. We expressly held in the Smith case that the provisions of said policy which required proof of loss were not a condition precedent to liability. *See Ætna Life Ins. Co.* v. *Davis*, 187 Ark. 398, 60 S. W. (2d) 912; *W. O. W.* v. *Meek*, 185 Ark. 419, 47 S. W. (2d) 567; *Ætna Life Ins. Co.* v. *Phifer*, 160 Ark. 98, 254 S. W. 335.

Indeed, this has been the rule in reference to the fixing of liability against surety bonds in this State for many years. The applicable rule is stated thus in the first headnote to *United States Fidelity & Guaranty Co.* v. *Fultz*, 76 Ark. 410, 89 S. W. 93: "In an action on a bond executed to the State, under § 4124 of Sandels & Hill's Digest, by a fire insurance company, 'conditioned for the prompt payment of all claims arising and accruing to any person during the term of said bond by virtue of any policy issued' by the company, the liability of the sureties is fixed when the loss by fire occurs, and not from the date when the amount becomes payable."

In the Smith case, *supra*, we reviewed our opinion in *New York Life Ins. Co.* v. *Farrell*, 187 Ark. 984, 63 S. W. (2d) 520, cited and relied upon by appellant and construed its meaning and effect to be in line with all our opinions on this subject, and it would extend this opinion unduly to undertake a reconsideration thereof.

The provisions contained in this policy of insurance and heretofore quoted are not made conditions precedent to appellant's liability. See *Hope Spoke Co.* v. *Maryland Casualty Co.*, 102 Ark. 1, 143 S. W. 85; *Ætna Life Ins. Co.* v. *Davis, supra; Missouri State Life Ins. Co.* v. *Foster*, 188 Ark. 1116, 69 S. W. (2d) 869.

Appellant also contends that, though liability may have attached or become fixed as against the insurer on January 1, 1933, it does not follow that its surety bond is likewise liable. In principle we think this contention has been decided adversely to appellant's contention in *United States Fidelity & Guaranty Co.* v. *Fultz, supra.* See also *Massachusetts Bonding & Insurance Co.* v. *Home Life & Accident Co.*, 113 Ark. 576, 168 S. W. 1062; *Atlas Life Ins. Co.* v. *Wells*, 187 Ark. 979, 63 S. W. (2d) 533.

Since liability was fixed by the happening of total and permanent disability and since the trial court has found—and that from ample testimony—that total and permanent disability accrued during the lifetime of appellant's surety bond, it follows that it is liable therefor, unless a novation of the contract was effected by the appellee with the Kentucky Home Life Insurance Company, and this contention we next consider. The contention is that appellee's original contract or policy of insurance was novated by the reissuance of a policy by the Kentucky Home Life Insurance Company, upon which appellee filed suit in the Arkansas courts, although no judgment was ever entered or satisfaction upon the demand obtained. The rule in reference to the rights of an insured as against the insurer and reinsurer is stated in 14 R. C. L., § 614, page 1449, as follows:

"In case of loss under a contract of reinsurance which includes an agreement to pay the losses of policy holders, an action may be maintained against either company without the plaintiff's being compelled to elect, as

the remedies are not inconsistent, though he can have but one satisfaction, so it is no bar to his action against one of the companies for him to file his claim in insolvency proceedings against the other."

In 1 Joyce, Law of Insurance, p. 387, the rule is thus stated:

"The deposit required under the Missouri statute of a life insurance company is a trust fund for the benefit of the policy holders of the company making such deposit, and where notes are made to take the place of this fund by a company which has assumed the policies of the original company, these notes are held upon the same trust as the funds they were intended to replace. The fact that the policy holders of the reinsured company have paid premiums to the reinsuring company does not deprive them of the remedy against the trust fund, nor does the fact that the reinsuring company has paid many policies of the reinsured company discharge the trust."

Couch, Cyclopedia of Insurance Law, § 2279, page 7442, states the rule as follows:

"The fact that the policy holders of the reinsured company have paid premiums to the reinsuring company does not deprive them of their remedy against the trust fund, nor does the fact that the reinsuring company has paid many policies of the reinsured company discharge the trust."

It is clearly deducible from the rules just stated that appellee's insurance contract or policy was not novated by the reinsurance contract with the Kentucky Home Life Insurance Company, and that he did not waive any right against the original insurer or its guarantors. See *Moddy* v. *National Life Ins. Co.*, 199 N. W. 880; *Relfe* v. *Columbia Life Ins. Co.*, 10 Mo. App. 150.

It follows that the judgment of the lower court is correct, and must be affirmed.

McHANEY and BUTLER, JJ., dissent.